| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to: | | Case Nos.: C 10-5616 SI, C 12-2214 SI, C 12-1599 SI |
| *Sony Electronics Inc. v. LG Display, et al.,* C 10-5616 SI | | **ORDER DENYING DEFENDANTS' OBJECTION TO SPECIAL MASTER'S ORDER RE: MOTION OF DEFENDANTS TO COMPEL SONY ENTITIES TO PRODUCE DOCUMENTS** |
| *Sony Electronics Inc. v. HannStar Display, et al.,* C 12-2214 SI | | |
| *Sony Electronics Inc. v. AU Optronics Corp., et al.,* C 12-1599 SI | | |

Defendants have filed an objection to the Special Master's Order Re: Motion of Defendants to Compel Sony Entities to Produce Documents. The matter is scheduled for a hearing on December 7, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing on this matter. For the reasons set forth below, the Court hereby DENIES defendants' objection. Docket No. 7093.

In the order at issue, the Special Master denied defendants' motion to compel plaintiffs to produce documents in the possession of the plaintiffs' Japanese parent and non-party, Sony Corporation. Citing *In re Citric Acid Litigation*, 191 F.3d 1090 (9th Cir.1999), the Special Master held that under Ninth Circuit law, "a party cannot be compelled to produce documents in the possession of a non-party affiliated entity unless the party has the legal right to compel the affiliate to provide the documents. It is not sufficient to show that a subsidiary corporation has the practical ability to obtain documents from

its parent." Docket No. 7036 at 3:7-11; *see Citric Acid*, 191 F.3d at 1107 ("[C]ontrol is defined as the legal right to obtain documents upon demand.") (citing *United States v. International Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)). The Special Master found that plaintiffs, which are American subsidiaries of Sony Corporation, "have provided undisputed evidence that they do not have access in the ordinary course of business to documents from their parent, Sony Corporation, of the types that defendants have requested, and that they do not have the legal right, by contract or otherwise, to compel their parent to produce such documents." *Id*. at 4:7-10.

Defendants contend that the Special Master erred as a matter of law because "*Citric Acid* applies only when the responding entity and the corporation possessing the documents have no corporate affiliation." Docket No. 7093 at 1:24-25. In support of this proposition, defendants largely rely on cases from outside the Ninth Circuit, which the Special Master found "not controlling in the face of contrary Ninth Circuit authority." *Id*. at 4:23-24. Defendants also cite several district court cases within the Ninth Circuit; the Special Master found that all but one of those cases was consistent with *Citric Acid*, and that the one case was "out of line with *Citric Acid* and virtually every other Ninth Circuit case [and therefore not] meaningful authority." *Id*. at 5:8-9. Defendants seek an order compelling plaintiffs to produce documents in the possession of Sony Corporation as well as documents in the possession of non-party Sony Computer Entertainment Inc. ("SCEI"), a wholly-owned Japanese subsidiary of Sony Corporation.

The Court reviews the Special Master's findings of fact for clear error, conclusions of law *de novo*, and procedural rulings for an abuse of discretion. Amended Order Appointing Martin Quinn as Special Master, Docket No. 6580 ¶ 18. The Court agrees with the analysis of the Special Master, and accordingly OVERRULES defendants' objection. In *Citric Acid*, the appellant asked the Ninth Circuit —as defendants ask this Court— "to define 'control' in a manner that focuses on the party's practical ability to obtain the requested documents." *Citric Acid*, 191 F.3d at 1107. The Ninth Circuit rejected that argument, and held that "the legal control test is the proper standard under Rule 45." *Id*. The Special Master correctly analyzed the law and applied the legal control test in determining that plaintiffs

do not have the legal right to obtain documents upon demand from Sony Corporation[1]

For the foregoing reasons, the Court finds that the Special Master did not abuse his discretion or commit clear error, and thus defendants' objection is DENIED.

**IT IS SO ORDERED.**

Dated: December 5, 2012

SUSAN ILLSTON
United States District Judge

---

[1] The Special Master's order did not explicitly address defendants' request for documents in the possession of SCEI. However, the same analysis applies because it is undisputed that plaintiffs do not have legal control of SCEI's documents.